DENISON v. RAYMOND.

A writ to replevy goods taken by attachment, is not an adversary suit, but a mandatory precept, and ought to be directed to the officer who served the attachment.

ACTION on the case, for a nonfeasance in the office of constable.   Declaration — That the defendant being constable of the town of New London, did attach, at the suit of the plaintiff, against David Hillhouse, 615 pounds of Carolina pink-root:  That the plaintiff recovered judgment in said

suit, for about £45 debt, and for £2 14s. 7d. cost, and had execution thereon, which was regularly delivered to the defendant to execute: That the defendant so negligently kept said pink-root, that it went out of his possession, and was lost; and that he returned said execution, with his indorsement of *non est inventus:* That Hillhouse, the debtor, having absconded to parts unknown, the plaintiff was, by means of the defendant's neglect, defeated of receiving any benefit from his said debt and judgment.

Plea.— That after the pink-root was attached, as set forth in the declaration, the same was replevied, and taken from the defendant, by Elijah Bingham, a legal deputy sheriff, by virtue of a writ of replevin to him directed, in favor of said Hillhouse, against the defendant, summoning the defendant 'o answer for a trespass, in wrongfully taking said pink-root, &c.— Reciting the writ of replevin at large.

To this there was a demurrer, and joinder in demurrer.

The writ of replevin, recited in the plea, being immediately against Raymond, the constable, without reference to the plaintiff, at whose suit the goods were taken; and the bond on the replevin being taken to answer the damage which said Raymond should sustain, the only question was, whether such a mode of replevin could affect the plaintiff in this action. And,

By the whole COURT. The writ of replevin, recited in the defendant's plea, has no relation to the plaintiff's suit against Hillhouse, on which the pink-root was attached; nor was the plaintiff a party to the bond taken on said replevin, nor can he take any benefit thereof for obtaining satisfaction of the judgment which he recovered in said suit; — therefore, he ought not to be affected thereby.

A writ to replevy goods taken by attachment, is not an adversary suit, but a mandatory precept, which ought to be directed to the officer who served the attachment, requiring him to re-deliver the goods to the defendant in the original action; to give notice thereof to the plaintiff at whose suit they were attached, and to return the writ of replevin to the court to which the attachment was made returnable.   On granting such writ of replevin, the justice ought to take bond, with sufficient surety, to the plaintiff at whose suit the goods were attached, in a sum sufficient to satisfy the judgment which the plaintiff may recover on said suit; for, by the re-plevin, the pledge, which the plaintiff holds for the security ·of his debt, is changed.

The writ of replevin, recited in the defendant's plea, is not grounded on any attachment, but contains an action of tres-pass against the present defendant, for a wrongful taking of the goods ordered to be replevied, and the bond was taken to him; therefore, he alone can take the benefit of it.   This mode of replevin is irregular, and not warranted by law.— Judgment was, therefore, for the plaintiff.